UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SPARK NETWORKS USA, LLC

        Plaintiff,

v.

SMOOCH LABS INC.

        Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/30/2015

Civil Action No. 14-cv-9027-LGS

## CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER

    This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f).

1.     The parties do not consent to conducting proceedings before a Magistrate Judge.

2.     The parties have conferred pursuant to Fed. R. Civ. P. 26(f).

3.     This case is subject to the Local Patent Rules of the Southern District of New York, and the parties' proposed dates in this order have been adjusted accordingly.

4.     a.     Some settlement terms have been discussed, but no concrete resolution has been achieved.

       b.     The parties have already engaged in an informal exchange of information in aid of an early settlement of this case.

       c.     Counsel for the parties have discussed the following alternative dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge.

       d.     Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed within the next 45 days.

       e.     The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

5.     The parties do not currently intend to join additional parties, but reserve their rights to do so. No additional parties may be joined after February 13, 2015 without leave of Court.

6.     Amended pleadings may be filed without leave of Court until (i) February 13, 2015, or (ii) if defendant's response to the complaint is one to which a responsive pleading is required, 21 days after service of plaintiff's responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

7.     Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than January 26, 2015. The parties agree that there is no category of documents that should be produced immediately in lieu of initial disclosures.

8.     a.     All fact discovery shall be completed no later than June 26, 2015.

        b.     Initial requests for production of documents shall be served by February 23, 2015. At the time the parties negotiate any stipulation regarding the production of electronically stored information, the parties will discuss possible limitations on document preservation.

        c.     Interrogatories shall be served by April 3, 2015.

        d.     Requests for admission shall be served by May 1, 2015.

        e.     Depositions shall be completed by June 26, 2015.

        f.     Any of the deadlines in paragraphs 8(b) through 8(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).

9.     a.     The parties may engage the following types of experts: subject matter, survey and damages.

        b.     Expert discovery shall be completed no later than August 11, 2015.

        c.     No later than 30 days prior to the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents, and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by August 11, 2015.

        d.     The parties believe expert depositions may be necessary and reserve their rights to conduct them.

10.    This case is to be tried to a jury.

11. Counsel for the parties have conferred regarding length of trial. The parties' present best estimate of the length of trial is 3-5 days.

12. Other issues to be addressed at the Initial Pretrial Conference include the modification of this scheduling order if the Defendant files a substantive motion.

13. Status Letters and Conferences

    a. By 60 days after the commencement of fact discovery, the parties shall submit a status letter explaining what discovery has taken place, what discovery remains, and how the parties are acting diligently to meet the discovery deadline.

    b. By 14 days after the close of fact discovery, all counsel must confer to discuss settlement and jointly advise the Court in writing whether or not they request a referral for settlement discussions.

    c. By 14 days after the close of discovery, a case management conference shall be held. The conference will serve either as a pre-motion conference for any party seeking to file a summary judgment motion, or a scheduling conference for trial.

        i. A party wishing to file a summary judgment motion shall file a pre-motion letter, and any party wishing to oppose also shall file a letter at the times and in the form provided in the Court's Individual Rule III.A.1. The Court will set the briefing schedule at the conference. The Court will set a firm trial date after a decision on any summary judgment motion.

        ii. If no pre-motion letters are timely filed, at the Case Management Conference, the Court will set dates for a final pre-trial order, other pre-trial submissions, a final pre-trial conference and trial. The trial date will be firm.

14. The following schedule summarizes the above-identified deadlines.

| **Civil Case Management Plan Requirement** | **Proposed Schedule** |
| --- | --- |
| Initial Disclosures to be served no later than: | January 26, 2015 |
| Motions to amend pleadings or to join additional parties without leave of Court to be filed no later than: | February 13, 2015 |
| Discovery – initial requests for production of documents to be served no later than: | February 23, 2015 |

| Civil Case Management Plan Requirement | Proposed Schedule |
|---|---|
| Plaintiff must serve Disclosure of Asserted Claims and Infringement Contentions (Local Patent Rule 6) | March 16, 2015 |
| Discovery –interrogatories to be served no later than: | April 3, 2015 |
| The parties shall submit a status letter explaining what discovery has taken place, what discovery remains, and how the parties are acting diligently to meet the discovery deadline no later than: | April 23, 2015 |
| Discovery –requests for admission to be served no later than: | May 1, 2015 |
| Defendant must serve Invalidity Contentions, if any (Local Patent Rule 7) | May 1, 2015 |
| Parties to meet and confer on schedules for expert disclosures, including reports, production of documents, and depositions no later than: | May 26, 2015 |
| Discovery – depositions to be completed no later than: | June 26, 2015 |
| All fact discovery to be completed no later than: | June 26, 2015 |
| Joint Claim Terms Chart to be filed (Local Patent Rule 11) | July 2, 2015 |
| All counsel must confer to discuss settlement and jointly advise the Court in writing whether or not they request a referral for settlement discussions no later than: | July 10, 2015 |
| Plaintiff's Opening Claim Construction Brief Due (Local Patent Rule 12(a)) | August 2, 2015 |
| All expert discovery to be completed no later than: | August 11, 2015 |
| Defendant's Responsive Claim Construction Brief Due (Local Patent Rule 12(b)) | September 2, 2015 |
| Plaintiff's Reply Claim Construction Brief Due (Local Patent Rule 12(c)) | September 9, 2015 |
| Claim Construction Hearing (Local Patent Rule 2) | September 15, 2015 |

| **Civil Case Management Plan Requirement** | **Proposed Schedule** |
|---|---|
| A case management conference shall be held, to serve either as a pre-motion conference for any party seeking to file a summary judgment motion, or a scheduling conference for trial no later than: | August 25, 2015<br>[The parties recommend a date following a Claim Construction decision] |

*Counsel for the Parties:*

| | |
|---|---|
| */s/ Lora A. Moffatt* | */s/ Aari Itzkowitz* |
| Lora A. Moffatt | Jay S. Auslander |
| Preetha Chakrabarti | Aari Itzkowitz |
| CROWELL & MORING LLP | WILK AUSLANDER LLP |
| 590 Madison Ave | 1515 Broadway |
| New York, New York 10022 | New York, New York 10036 |
| Tel:  (212) 223-4000 | Tel: (212) 981-2300 |
| Fax:  (212) 223-4134 | Fax: (212) 752-6380 |
| lmoffatt@crowell.com | jauslander@wilkauslander.com |
| pchakrabarti@crowell.com | aitzkowitz@wilkauslander.com |
| | |
| *Counsel for Spark Networks USA, LLC* | *Counsel for Smooch Labs Inc.* |

SFACTIVE-903576056.3

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as provided in paragraph 8(f)) shall be made in a written application in accordance with the Court's Individual Rules and shall be made no fewer than 2 business days prior to the expiration of the date sought to be extended.

The Clerk of Court is directed to enter the dates in paragraph 14 into the Court's calendar.

Any motion to transfer venue, not to exceed ten pages, shall be filed by **February 9, 2015**. Any response, not to exceed ten pages, shall be filed by **February 18, 2015**. Any reply, not to exceed five pages, shall be filed by **February 23, 2015**. If the parties elect to file letter-briefs, the page-limits shall be reduced by one-half.

SO ORDERED.

Dated: January 30, 2015

New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**